UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-20499

MANUEL G. GUTIERREZ,

    Plaintiff,

vs.

BRILLIANT BLUE, LLC,
JAY L. FEILEN, and
REINALDO R. PEREZ,

    Defendants.
_____/

**COMPLAINT FOR UNPAID OVERTIME WAGES**

Plaintiff, Manuel G. Gutierrez, sues Defendants, Brilliant Blue, LLC, Jay L. Feilen, and Reinaldo R. Perez, as follows:

*Parties, Jurisdiction, and Venue*

1.    **Plaintiff, Manuel G. Gutierrez**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old. He was an employee of Defendants as the term "employee" is defined under Florida law and consents to participate in this lawsuit. [ECF No. 1-1.]

2.    **Defendant, Brilliant Blue, LLC**, is a for profit Florida company that is *sui juris* and has operated its pool servicing business here, in South Florida, at all times material.

3.    **Defendant, Jay L. Feilen**, was and is an owner and operator of the corporate Defendant for the relevant time period. He ran its day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

4.    **Defendant, Reinaldo R. Perez**, was and is an owner and operator of the corporate Defendant for the relevant time period. He ran its day-to-day operations, had

1

supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

5. Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d).

6. This Court has jurisdiction over Plaintiff's FLSA claims.

7. Venue is proper in this Court pursuant because Defendants transact business in South Florida, they service clients in Miami-Dade County, because Mr. Perez lives in Miami-Dade County, and also because Defendants employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within this County.

### *Background Factual Allegations*

8. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

9. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, sales, promotion, and transacting of their pool cleaning business using instrumentalities of interstate commerce. Defendants marketed, promoted, brokered, and transacted their pool cleaning business to entities with commercial pools, including entities that are domiciled outside of the State of Florida, using machinery, appliances, telephones, computers, computer networking equipment, computer software, telephones, telephone equipment, pool chemicals, filters, cleaning elements, gas for vehicles, vehicles, goods and materials that also have moved through interstate commerce.

2

10. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

11. Defendants conduct, solicit, and/or market their business through their website at www.brilliantbluepools.com, which site they registered through GoDaddy.com, LLC, a Delaware Limited Liability Company.

12. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

13. Plaintiff worked for Defendants from October 19, 2015 to January 27, 2016, with his last day of active work being on January 25, 2016, the day that he suffered a work-related injury, as a pool service technician.

14. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

15. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendant in the course of his servicing pools while utilizing chemicals, filters, gasoline, materials, equipment, telephone lines, funds, and electronic transmissions that also traveled through interstate commerce. Defendants also tasked Plaintiff with going to a local chemical depot to purchase chemicals that arrived from outside of the State of Florida for use in servicing pools for Defendants.

16. Plaintiff received a salary of $600 per week, except for one or two weeks during which he received a salary of $700 per week, which salary was supposed to compensate Plaintiff

3

for working his 40 hours per week.

17. Defendants, however, failed and refused to pay Plaintiff at the rate of time and one-half of his regular rate(s) of pay for all hours worked over 40 hours in a workweek.

18. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

19. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### *Unpaid Overtime Allegations*

20. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular hourly rate for all hours worked over 40 hours in a given workweek.

21. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times her regular rate of pay for each of the overtime hours worked during the relevant time period.

22. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

23. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff Manuel G. Gutierrez, demands the entry of a judgment in his favor and against Defendants, Brilliant Blue, LLC, Jay L. Feilen, and Reinaldo R. Perez, and Ronald Day, jointly and severally, after trial by jury and as follows:

4

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

a.  That Plaintiff recovers compensatory damages and an equal amount of liquidated damages for the past three years as provided under the law and in 29 U.S.C. § 216(b) and/or all interest allowed by law;

b.  That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

c.  That the Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

d.  Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 10th day of February, 2016.

Respectfully Submitted,

FAIRLAW FIRM
*Counsel for Plaintiff*
8603 S. Dixie Highway
Suite 408
Miami, FL 33143
Tel:    305.230.4884
Fax:    305.230.4844

s/*Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com

5

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com